IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**JASON NEAL,**

           **Plaintiff,**

    **v.**

**DEKALB COUNTY, GEORGIA,
OFFICER C.A. INGS, (Badge
#2932) in their individual and official
capacities, OFFICER M.T. HAMER,
(Badge #1748), in their individual
and official capacities, and JOHN
DOE 1-2, in their individual and
official capacities,**

           **Defendants.**

        **1:16-cv-184-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendants DeKalb County, Georgia

("DeKalb County"), Officer C.A. Ings, and Officer M.T. Hamer's (together with

Officer C.A. Ings, the "Officer Defendants") (collectively, "Defendants") Motion

to Dismiss [2].

## I.  BACKGROUND

    A.   Facts

This case arises out of an alleged incident that occurred at a Home Depot

store during business hours.  Plaintiff Jason Neal ("Plaintiff") was at the Home

Depot store with a Home Depot employee.  (Compl. [1.1] ¶ 2).  Plaintiff alleges that the employee, who had been in possession of some merchandise, placed the merchandise back on the shelf.  (Id. ¶ 3).  Apparently the merchandise could not be located, and a "brief inquiry as to the location of the [merchandise] commenced[,]" after which a DeKalb County police officer confronted Plaintiff "in a harassing and provocative manner and wanted to search him."  (Id. ¶¶ 4-5).  Plaintiff refused to be searched and protested his innocence of any criminal wrongdoing.  (Id. ¶¶ 6-7). The officers accused Plaintiff of saying "I did not steal s---," and took him outside the store, searched him, and cited him for violating DeKalb County Ordinance § 16-58 (the "Ordinance").  (Id. ¶ 9).[1]  The Ordinance provides:

> (a) It shall be unlawful for any person to act in a loud and boisterous, reckless, unruly or violent manner for the purpose of insulting, degrading, or inciting another or a group of individuals in a public place.
>
> (b) It is not the intent of this section to restrict any individual's right to free speech.

DeKalb County Ord. § 16-58.

Plaintiff alleges that he "failed to convince the prosecution to dismiss the charges . . . ."  (Compl. ¶ 11).  Plaintiff contends that the Ordinance is

---

[1]    Plaintiff alleges that the "Home Depot employee's account of placing the item back in inventory was confirmed."  (Compl. ¶ 6).

unconstitutional "on its face, and as applied or threatened to be applied," and is both "overbroad" and unconstitutionally vague.  (Id. ¶¶ 39-40).  Plaintiff also maintains that the acts for which he received the citation were not violations of the ordinance, and thus his arrest, search, and prosecution were not lawful.  (Id. ¶ 14).  The state trial court granted Plaintiff's motion for general and special demurrer, but did not address his arguments that the Ordinance is unconstitutional.  (Id. ¶ 12).

B.    Procedural History

On December 4, 2015, Plaintiff filed his Complaint in the Superior Court of DeKalb County, Georgia.  On December 21, 2015, Plaintiff served the Complaint on Defendants.  On January 20, 2016, Defendants removed the action to this Court.  In his Complaint, Plaintiff asserts the following claims:  (1) violation of Plaintiff's First Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983") (Count 1); (2) violation of Fourth Amendment right to be free from unlawful search and seizure pursuant to Section 1983 (Count 2); (3) violation of Fifth and Fourteenth Amendment due process rights pursuant to Section 1983 (Count 3); (4) false imprisonment, O.C.G.A. § 51-7-20 (Count 4); (5) false arrest, O.C.G.A. § 51-7-1 (Count 5); (6) malicious prosecution, O.C.G.A. § 51-7-40 (Count 6); (7) violation of state constitutional right to free speech, Georgia Constitution, Article I, Section I, Para. V (Count 7); violation of state constitutional right to be free from

3

unreasonable search and seizure, Georgia Constitution, Art. I, Section I, Para. XIII (Count 8); (9) violation of state constitutional due process, Georgia Constitution, Art I, Section I, Para. I (Count 9).  Plaintiff also seeks injunctive relief (Count 10) and declaratory relief finding the Ordinance unconstitutional (Count 11).[2]

On January 27, 2016, Defendants filed their Motion to Dismiss.   In it, they argue that the Ordinance is constitutional because it is narrowly tailored so that it does not abridge free speech rights.  They argue Plaintiff's Section 1983 claims against Defendants in their official capacities should be dismissed because Plaintiff fails to allege a DeKalb County policy or custom that caused his alleged injuries. They seek dismissal of Plaintiff's Section 1983 claims against the Officer Defendants in their individual capacities based on qualified immunity.  They argue that sovereign immunity bars Plaintiff's state law claims against Defendants in their official capacities, and that official immunity bars Plaintiff's state law claims against the Officer Defendants in their individual capacities.  Finally, Defendants argue that Plaintiff fails to state a claim for false imprisonment, malicious prosecution, or false arrest.

---

[2]     Plaintiff also asserts a cause of action for "Proximate Cause" in Count 12 of his Complaint.

## II.    LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

III.   ANALYSIS

A.   Declaratory and Injunctive Relief

Plaintiff seeks injunctive relief and declaratory relief finding the Ordinance unconstitutional.  In support of their Motion to Dismiss, Defendants argue that the "Ordinance is no longer being applied to [Plaintiff]" because his motion for general and special demurrer and motion to quash indictment were granted.  (Br. in Supp. of Mot. to Dismiss [2.1] ("Br.") at 8).  Defendants appear to challenge Plaintiff's standing to bring a constitutional challenge to the Ordinance or argue that the issue is moot.[3]

---

[3]   Even if Defendants did not raise the issue of standing or mootness, "it is part of the constitutional requirement for an Article III case and controversy and this Court may raise it *sua sponte*."  Willis v. Georgia Dep't of Juvenile Justice, No. CIV A 705-CV-59 HL, 2007 WL 2782509, at *6 (M.D. Ga. Sept. 21, 2007) (citing Bischoff v. Osceola Cty., 222 F.3d 874, 877-78 (11th Cir. 2000)).

A declaratory judgment and injunctive relief may only be issued in the case of an "actual controversy."  That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests. Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985) (citing Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Golden v. Zwickler, 394 U.S. 103, 108 (1969); Sullivan v. Div. of Elections, 718 F.2d 363, 365 (11th Cir.1983)).  The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred.  Id. (citation omitted).  Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate and create a definite, rather than speculative, threat of future injury.  Id. (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Golden, 394 U.S. at 108; Wolfer v. Thaler, 525 F.2d 977, 979 (5th Cir.1976)).  The remote possibility that a future injury may happen is not sufficient to satisfy the "actual controversy" requirement for declaratory judgments.  Id. (citing Lyons, 461 U.S. at 103).

Here, Plaintiff alleges that he has been injured by Defendants' past conduct. He does not allege that the challenged conduct has continued or will be repeated in the future.[4]  A declaration that Defendants' past conduct violated Plaintiff's

---

[4]     This is not to say that it could not occur, but the possibility is speculative.

constitutional rights or that the Ordinance is unconstitutional "would be nothing more than a gratuitous comment without any force or effect." See Tucker v. Phyfer, 819 F.2d 1030, 1035 & n.5 (11th Cir. 1987) (district court was required to dismiss plaintiff's claim for declaratory and injunctive relief for lack of standing, notwithstanding plaintiff's "live" claim for money damages). The Court finds Plaintiff lacks standing to bring his claims for injunctive and declaratory relief.

B.   Section 1983 Claims

Plaintiff alleges, under Section 1983, that Defendants violated Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa Cty., 50 F.3d 1579, 1581 (11th Cir. 1995). Defendants move to dismiss Plaintiff's Section 1983 claims on the grounds that (1) the Officer Defendants are entitled to qualified immunity from Plaintiff's individual-capacity claims, and (2) Plaintiff's official-capacity claims fail because Plaintiff does not allege a policy or custom in support of his claim.

8

1.    <u>Qualified Immunity</u>

a)    <u>Fourth Amendment Claim</u>

Plaintiff argues his arrest violated the Fourth Amendment because he was exercising his First Amendment rights when he said "I did not steal s---." The Officer Defendants claim they are entitled to qualified immunity because they had arguable probable cause to make a warrantless arrest pursuant to the Ordinance.

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Sherrod v. Johnson</u>, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" <u>Edwards v. Shanley</u>, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting <u>Lewis v. City of W. Palm Beach</u>, 561 F.3d 1288, 1291 (11th Cir. 2009)). To meet this burden, a plaintiff must establish that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation." <u>City of W. Palm Beach</u>, 561 F.3d at 1291. This two-step analysis may be done in whatever order is deemed most appropriate for the case. <u>Id.</u> (citing <u>Pearson v. Callahan</u>, 555 U.S. 223, 236

9

(2009)).

"It is clearly established that an arrest made without probable cause violates the Fourth Amendment." Wilkerson v. Seymour, 736 F.3d 974, 977-78 (11th Cir. 2013) (quoting Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir. 1998). "An officer is entitled to qualified immunity, however, where the officer had arguable probable cause, that is, where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest the plaintiffs." Id. (internal quotation marks omitted) (quoting Redd, 140 F.3d at 1382). Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id. (citing Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002)).

Defendants argue that, because "the Ordinance is constitutional, the arrest based on that Ordinance was constitutional, as the arresting officer had probable cause to believe that an ordinance was being violated." (Br. at 11). They argue that the officers also had arguable probable cause, because the Ordinance has never been struck down and a reasonable officer in the same circumstances could have

believed that probable cause existed to arrest Plaintiff for violating the Ordinance.

Defendants' arguments overlook the question whether Plaintiff's conduct fell

under the Ordinance in the first place and, thus, whether the Officer Defendants

had arguable or actual probable cause to arrest Plaintiff under the Ordinance.

Plaintiff alleges that the Officer Defendants "knew or reasonably should have

known at the time of the arrest that [Plaintiff's] conduct did not violate the

[O]rdinance as written."  (Compl. ¶28).  In Wilkerson v. Seymour, the Eleventh

Circuit considered whether an officer was entitled to qualified immunity for

arresting, pursuant to the Ordinance, a plaintiff who allegedly used the words

"hell" and "damn."  736 F.3d 974, 978-79 (11th Cir. 2013).  In analyzing whether

qualified immunity was warranted, the Eleventh Circuit observed:

> Although qualified immunity protects officers who are reasonably
> mistaken that a crime has been committed, it does not insulate officers
> from liability for arrests where it is clear that the conduct in question
> does not rise to the level of a crime, under the facts known at the time.
> To hold otherwise would eviscerate the concept of probable cause and
> would permit officers to arrest disagreeable individuals who may be
> exercising their constitutionally protected rights to free speech, albeit
> in a loud manner.  Officers need not have actual probable cause to
> make an arrest . . . but arguable probable cause to arrest for *some*
> offense must exist in order for officers to assert qualified immunity
> from suit.

Id. at 978-79 (internal citations omitted) (emphasis in original).  The Eleventh

Circuit noted that the plaintiff in Wilkerson did not use "any language that was

11

insulting or degrading." Id. at 979.  It noted also that the words "hell" and "damn" were not directed specifically at the officer.  Id.  The Eleventh Circuit concluded that qualified immunity was not warranted at the summary judgment phase, because the officer's arrest was without arguable probable cause and therefore unconstitutional.  Id; see also Wilkerson v. Seymour, 626 F. App'x 816, 819 (11th Cir. 2015) (finding sufficient evidence for jury to find plaintiff did not act "for the purpose of insulting, degrading, or inciting another or a group of individuals in a public place" where plaintiff was arrested after (a) she asked officer why she was being forced to move her car, (b) told him that it was not right, and (c) then demanded his name and badge number and told him she was going to report him); WBY, Inc. v. Dekalb Cty., No. 1:14-CV-0253-LMM, 2016 WL 3128397, at *13 (N.D. Ga. Jan. 13, 2016) (finding question of fact remained whether officer lacked arguable probable cause to arrest plaintiff under the Ordinance where it was disputed (a) whether plaintiff was yelling or cursing and (b) whether plaintiff failed to obey an order to "back down").

Similarly, here, at the motion to dismiss stage, a finding of qualified immunity is not warranted.  The Ordinance provides that "[i]t shall be unlawful for any person to act in a loud and boisterous, reckless, unruly or violent manner for the purpose of insulting, degrading, or inciting another or a group of individuals in

a public place."  DeKalb County Ord. § 16-58.  Taking Plaintiff's allegations as true, Plaintiff was arrested under the Ordinance solely on the basis of stating "I did not steal s---."  The allegations in the Complaint do not show that Plaintiff was acting loudly, recklessly, unruly, or violently.  The allegations also do not show that Plaintiff spoke for the purpose of insulting, degrading, or inciting the Officer Defendants or any third person.  Defendants therefore did not have arguable probable cause to arrest Plaintiff under the Ordinance.  Because "[i]t is clearly established that an arrest made without probable cause violates the Fourth Amendment," Wilkerson, 736 F.3d at 977-78, Defendants are not—at this stage of the proceedings—entitled to qualified immunity on Plaintiff's Fourth Amendment claim.

b)      First Amendment Claim

For similar reasons, Defendants also are not entitled to qualified immunity on Plaintiff's Section 1983 First Amendment claim.  To establish a First Amendment claim, a plaintiff must show "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech."  Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).  In Bennett, the Eleventh Circuit

13

adopted the objective test for the second prong:  "a plaintiff suffers adverse action

if the defendant's allegedly retaliatory conduct would likely deter a person of

ordinary firmness from the exercise of First Amendment rights."  Id. (internal

quotations and citation omitted).  With regard to the causal connection prong, "the

plaintiff must show that the defendant was subjectively motivated to take the

adverse action because of the protected speech."  Castle v. Appalachian Tech.

Coll., 631 F.3d 1194, 1197 (11th Cir. 2011).  "[O]nce the plaintiff shows that her

protected conduct was a motivating factor, the burden shifts to the defendant to

show that she would have taken the same action in the absence of the protected

conduct, in which case the defendant cannot be held liable."  Id.

Here, Plaintiff's speech did not amount to fighting words, so his speech was

protected.  See Merenda v. Tabor, 506 F. App'x 862, 868 (11th Cir. 2013).

Plaintiff alleges a causal connection between his speech and the retaliatory

action—his arrest under the Ordinance—because he alleges he was arrested under

the Ordinance based solely on his speech.  (See Compl. ¶ 9).  It is clearly

established that it is a violation of the First Amendment to arrest an individual

based on his protected speech.  Merenda, 506 F. App'x at 868 (citing Gooding

v. Wilson, 405 U.S. 518, 521-22 (1972) ("The constitutional guarantees of freedom

of speech forbid the States to punish the use of words or language not within

14

'narrowly limited classes of speech.'"); Bennett, 423 F.3d at 1255 (it is clearly established "that retaliation against private citizens for exercising their First Amendment rights is actionable.")); see also Houston v. Hill, 482 U.S. 451, 462-63 (1987) ("The freedom of individuals to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.").  An arrest or citation would deter a person of ordinary firmness from exercising his First Amendment rights.  See Merenda v. Tabor, No. 5:10-CV-493 MTT, 2012 WL 1598134, at *11 (M.D. Ga. May 7, 2012).  Taking the allegations in the Complaint as true, the Officer Defendants are not entitled—at this stage—to qualified immunity on Plaintiff's First Amendment claim.[5]

### 2. Official-Capacity Claims

Defendants next seek to dismiss Plaintiff's official-capacity claims.  A Section 1983 claim against a government official in his official capacity is, in reality, a suit against the entity that employs the individual.  Mann v. Taser Int'l,

---

[5]     Plaintiff also claims that his arrest and prosecution under the Ordinance constituted a violation of his Fifth and Fourteenth Amendment due process rights. (Compl. ¶¶ 55-56).  Defendants do not offer any argument to support their motion to dismiss this claim, and, as described above, Defendants have not established that they are entitled to qualified immunity at this stage.  Defendants' motion to dismiss Plaintiff's Section 1983 Fifth and Fourteenth Amendment due process claim is denied.

Inc., 588 F.3d 1291, 1309 (11th Cir. 2009).  Plaintiff's claims against the Officer

Defendants in their official capacities are thus claims against DeKalb County and

are subject to the same analysis as his claims against DeKalb County.

A municipality such as DeKalb County cannot be held liable under section

1983 for the acts of its employees under a theory of *respondeat superior*.  See Bd.

of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently

refused to hold municipalities liable under a theory of *respondeat superior*." ).  A

municipality may only be held liable under section 1983 where there is a "direct

causal link between a municipal policy or custom and the alleged constitutional

deprivation.  City of Canton v. Harris, 489 U.S. 378, 385 (1989); see also Brown,

520 U.S. at 404.

As explained above, the Court finds Plaintiff's allegations show that his

speech and conduct fell squarely outside of the conduct proscribed by the

Ordinance.  Plaintiff does not allege that DeKalb County has a policy or custom of

using the Ordinance as a pretext to arrest and prosecute individuals whose conduct

falls outside the scope of the Ordinance.[6]  Plaintiff's Complaint therefore does not

support that there is a "direct causal link" between a DeKalb County custom or

---

[6]     Plaintiff's conclusory assertion that the DeKalb County police department
has a policy of "charging citizens for cursing in public" does not suffice.

16

policy and Plaintiff's alleged constitutional deprivations.  Defendants' motion to dismiss Plaintiff's Section 1983 official-capacity claims is granted.

### C.     State Law Claims

Plaintiff alleges Defendants are liable for false imprisonment, false arrest, malicious prosecution, and various violations of the Georgia Constitution. Defendants seek to dismiss Plaintiff's state law claims on the basis of sovereign immunity and official immunity.

### 1.     Sovereign Immunity

Defendants seek to dismiss Plaintiff's official-capacity state law claims on the basis of sovereign immunity.  "Under the Georgia Constitution, the protection of sovereign immunity extends to the state and all of its departments, including counties, and thus protects county employees who are sued in their official capacities unless sovereign immunity has been waived."  Jobling v. Shelton, 779 S.E.2d 705, 485 (Ga. Ct. App. 2015) (internal quotation marks omitted).  "Any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver."  Id. (alterations omitted); see also Watson v. Georgia Dep't of Corr., 645 S.E.2d 629, 631 (Ga. Ct. App. 2007) (sovereign immunity is "not an affirmative defense, and thus plaintiffs bear the burden of establishing that a state agency's conduct is excepted from sovereign immunity" (brackets omitted)).

Plaintiff did not identify, either in his Complaint or in his response to Defendants'
Motion to Dismiss, any waiver of sovereign immunity that applies to the claims in
this case, and the Court is not aware of any.[7]  Defendants' Motion to Dismiss
Plaintiff's state law claims against Defendants in their official capacities is granted.

### 2.  Official Immunity

Defendants next seek to dismiss Plaintiff's state law claims against the
Officer Defendants in their individual capacities based on the doctrine of official
immunity.  In Georgia, a public officer may be personally liable only for
ministerial acts negligently performed or for discretionary acts performed with
malice or an intent to injure.  Hart v. Sirmans, 784 S.E.2d 67, 69 (Ga. Ct. App.
2016) (quoting Marshall v. Browning, 712 S.E.2d 71, 71 (Ga. Ct. App. 2011)).
Here, Plaintiff's allegations establish that the Officer Defendants were acting in
their discretionary function as law enforcement officers when investigating the
incident at the Home Depot and questioning Plaintiff regarding it.  See id.;
Touchton v. Bramble, 643 S.E.2d 541, 545 (Ga. Ct. App. 2007) (official immunity
protects discretion in making an arrest).  "Thus, they are entitled to official

---

[7]     Indeed, under O.C.G.A. § 50-21-24(7), Plaintiff's false imprisonment claims
are affirmatively precluded.  O.C.G.A. § 50-21-24(7) ("The [S]tate shall have no
liability for losses resulting from . . . false imprisonment.").

immunity from [Plaintiff]'s claims, absent a showing that they acted with actual malice or intent to cause injury."  <u>Hart</u>, 784 S.E.2d at 69 (brackets omitted) (quoting <u>Tittle v. Corso</u>, 569 S.E.2d 873 (2002)); <u>see also</u> <u>Selvy v. Morrison</u>, 665 S.E.2d 401, 404 (Ga. Ct. App. 2008) ("The making of a warrantless arrest for conduct occurring in an officer's presence is a discretionary act that will not give rise to personal liability unless the officer acted with actual malice or actual intent to cause injury.").  "Actual malice toward plaintiff must be shown, not mere anger, frustration, or irritation, to constitute an exception to official immunity." <u>Woodward v. Gray</u>, 527 S.E.2d 595, 600 (Ga. Ct. App. 2000), <u>overruled on other grounds by</u> <u>Stryker v. State</u>, 677 S.E.2d 680 (Ga. Ct. App. 2009).

Plaintiff alleges that the "officers were acting very provocatively toward [him]."  (Compl. ¶ 8).  Plaintiff also offers the conclusory assertions that, "[w]here applicable, the conduct of [Defendants] was with malice[,]" (Compl. ¶ 36), and his prosecution was "done with malice[,]" (<u>id.</u> ¶ 69).  Plaintiff fails to allege any facts to support even a reasonable inference that the Officer Defendants acted with actual malice.  Plaintiff offers only conclusory assertions of malicious intent, and a vague allegation of unspecified "provactive[]" action.  Plaintiff does not allege any further details regarding his arrest or the Officer Defendants' conduct.  The Court finds Plaintiff's allegation of provocative conduct is insufficient to support that the

Officer Defendants acted with actual malice.  Compare Hill v. Fulton Cty., No. CIV. A. 1:08-CV-0001, 2009 WL 2515633, at *8 (N.D. Ga. Aug. 14, 2009) (finding plaintiff's allegations insufficient to establish actual malice, and noting that "[e]ven when the officer's decision is flawed, no liability attaches to an officer's exercise of his lawful discretion, absent malice or intent to injure") with Harper v. Perkins, 459 F. App'x 822, 828 (11th Cir. 2012) (recognizing "we cannot rely on [plaintiff]'s legal assertions of actual malice in the complaint[,]" but finding sufficient factual allegations of actual malice where complaint alleged defendants "knew, and intended, that their use of the taser on [p]laintiff would incapacitate him, and that it was 'clearly obvious' that once incapacitated, he likely would fall from the tree . . . .").  Defendants' Motion to Dismiss Plaintiff's individual-capacity state claims against the Officer Defendants is granted on the grounds of official immunity.[8, 9, 10]

---

[8]   Because all of Plaintiff's claims against DeKalb County are required to be dismissed, DeKalb County is dismissed as a Defendant in this action.

[9]   Because Plaintiff's state law claims are barred by sovereign immunity and official immunity, the Court does not address the merits of his state law claims.

[10]   Plaintiff's "Proximate Cause" cause of action (Count 12) does not state a cognizable claim, and is dismissed.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [2] is

**GRANTED IN PART** and **DENIED IN PART**.  Defendants' Motion is **DENIED**

as to Plaintiff's Section 1983 claims against the Officer Defendants in their

individual capacities for violations of the First Amendment (Count 1), Fourth

Amendment (Count 2), and Fifth and Fourteenth Amendments (Count 3).

Defendants' Motion is **GRANTED** as to Plaintiff's remaining claims.

**IT IS FURTHER ORDERED** that Defendant DeKalb County, Georgia is

dismissed from this action.


**SO ORDERED** this 27th day of June, 2016.




_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

21