IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON NEAL,<br><br>        **Plaintiff,**<br><br>v.<br><br>DEKALB COUNTY, GEORGIA, OFFICER C.A. INGS, (Badge #2932) in their individual and official capacities, OFFICER M.T. HAMER, (Badge #1748), in their individual and official capacities, and JOHN DOE 1-2, in their individual and official capacities,<br><br>        **Defendants.** | 1:16-cv-184-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jason Neal's ("Plaintiff") Motion for Clerks' Entry of Default [8] ("Motion").

**I.   BACKGROUND**

On December 4, 2015, Plaintiff filed his Complaint in the Superior Court of DeKalb County, Georgia.  On December 21, 2015, Plaintiff served the Complaint on Defendants DeKalb County, Georgia ("DeKalb County"), Officer C.A. Ings, and Officer M.T. Hamer's (together with Officer C.A. Ings, the "Officer Defendants") (collectively, "Defendants") [2].  On January 20, 2016, Defendants

removed the action to this Court.

On June 27, 2016, the Court issued its order [6] granting in part and denying in part Defendants' motion to dismiss. The Court dismissed DeKalb County, Georgia, as a defendant in this action.

On August 2, 2016, Plaintiff filed his Motion. Plaintiff notes that, pursuant to Fed. R. Civ. P. 12(a)(4)(A), the Officer Defendants were required to file a responsive pleading within fourteen (14) days after notice of the Court's denial in part of its motion to dismiss. Plaintiff contends the Officer Defendants failed to comply with this requirement, and, pursuant to Fed. R. Civ. P. 55(a), the Clerk must enter default.

On August 3, 2016, the Officer Defendants filed their Answer to the Notice of Removal [10]. On August 5, 2016, the Officer Defendants filed their response in opposition to Plaintiff's Motion [11]. The Officer Defendants argue that they have not failed to defend against Plaintiff's claims, and that entry of default is not warranted.

**II.   DISCUSSION**

Under Federal Rule of Civil Procedure 12(a)(4)(A), the Officer Defendants were required to file a responsive pleading within fourteen (14) days after notice of the Court's denial in part of its motion to dismiss. See Fed. R. Civ. P. 12(a)(4)(A).

On June 27, 2016, the Court denied, in part, Defendants' motion to dismiss. The Officer Defendants—the remaining defendants in this action—were required to file their Answer on or before July 11, 2016. Defendants did not file their Answer until August 5, 2016.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Although the Clerk has not yet entered default, the Court construes the Officer Defendants' response, which challenges the appropriateness of such an entry, as similar to a motion to set aside an entry of default already entered. See Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (citing Meehan v. Snow, 652 F.2d 274, 276-77 (2d Cir. 1981)).

An entry of default may be set aside for "good cause." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). "Good cause is not susceptible to a precise formula," and courts consider whether (1) the default was willful, (2) setting aside the default would prejudice the other party, (3) the defaulting party presents a

meritorious defense, and (4) whether the defaulting party acted promptly to correct the default.  Id.

Here, there is no indication that the Officer Defendants' default was willful.  They state that the delay in filing the Answer was an inadvertent error in the part of their counsel.  ([11] at 4).  Though their Answer was filed nearly one month after it was due, the Officer Defendants acted promptly to correct the default, filing their Answer the day after Plaintiff filed his Motion.  Plaintiff does not show he was prejudiced by the delay, and he does not show that he would be prejudiced if default is not entered.  Considering the circumstances and the fact that a default judgment "is a drastic remedy which should be used only in extreme situations," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985), the Court concludes that, even if Plaintiff would be entitled to default based on the Officer Defendants' delay in filing their Answer, the Officer Defendants have shown good cause for setting aside any default.  See Murphy v. Farmer, ⎯⎯ F. Supp. 3d ⎯⎯, 2016 WL 1425060, at *10 (N.D. Ga. Mar. 31, 2016).  Plaintiff's Motion is therefore denied.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Jason Neal's Motion for Clerks' Entry of Default [8] is **DENIED**.

**SO ORDERED** this 22nd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE