## IN THE UNITED STATES DISCTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JASON NEAL,** | **:** | **Civil Action File #1:16-CV-00184-WSD** |
| **Plaintiff** | **:** | |
| | **:** | |
| **vs** | **:** | |
| **DEKALB COUNTY, GEORGIA; OFFICER C.A. INGS (BADGE # 2932) AND OFFICER M.T. HAMER (BADGE #1748) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; JOHN DOE 1-2 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES        DEFENDANT(S).** | **:** **:** **:** | |

## Defendant(s)

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT and BRIEF IN SUPPORT OF MOTION

Comes now, Plaintiff and moves this court for an order Granting Summary

Judgment in favor of Plaintiff on the following issues.  As grounds therefore,

Plaintiff relies upon the record, Depositions of C.A. Ings, M.A. Hamer,

Defendants' responses to Plaintiff's request for interrogatories, request for

Admissions, Request to Produce, Statements made in pleadings and are a part of

the record, and exhibits attached hereto, including an order from Dekalb Recorders Court and a certified copy of the ordinance.

Comes now Plaintiff and moves for Summary Judgment pursuant to Fed.R.Civ.P. 56.1 and LR 56. Plaintiff asserts that he is entitled to judgment on his surviving claims. (See, Doc 6). Specifically, Plaintiff's remaining claims pursuant to 42 U.S.C. § 1983 are (Count 1) violation of his First Amendment rights, (Count 2) violation of his Fourth Amendment rights, (Count 3) violation of due process under the Fifth and Fourteenth Amendments. (See, Doc 6 p. 21)

## A. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS FIRST AMENDMENT CLAIM.

1. Plaintiff's 1st Amendment rights were violated in that Plaintiff was arrested for saying, "I did not steal shit from this store" and "I want to speak to a damn manager", said speech being protected.

2. Defendants' conduct involved in arresting and searching Plaintiff was retaliatory to Plaintiff's verbal statements. See, Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005)

3. An Arrest or citation would deter a person of ordinary firmness from exercising their First Amendment rights. See, Merenda v. Tabor, No. 5:10-CV-493 MTT, 2012 WL 159834, at 11 (M.D. Ga. May 7, 2012), See also,

Doc 6- Opinion and Order § pp. 13-15.  There was also the added deterrence component of Plaintiff being publicly searched in the front of the store with Plaintiff's legs spread and hands against the wall.

4. There is a causal connection between the protected speech and the retaliatory actions.  Plaintiff was not arrested until after he protested and demanded to speak to a manager.

## B. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HIS FORTH AMENDMENT CLAIM

1. Plaintiff is entitled to Summary judgment on the issue of whether Defendants violated his rights under the 4th Amendment.

2. Plaintiff was arrested without probable cause for violating Dekalb Ordinance §16-58 although none of his words or actions violated the ordinance as he was not acting violently, did not pose a threat, and did not use words that were insulting, demeaning, inciting, or threatened violence as required.

3. The Trial court granted Plaintiff's General Demurrer wherein the only legal question was whether Plaintiff could admit the conduct alleged and not be guilty of any crime.

4.  An Arrest without probable cause or arguable probable cause violates the
    Fourth Amendment.  <u>Wilkerson v. Seymour</u>, 626 F. App'x 816, 819 (11th
    Circuit 2015)

## C. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON HS DUE PROCESS CLAIMS UNDER THE 5TH AND 14TH AMENDMENT.

1.  Plaintiff's claim is one of substantive due process as it involves a
    fundamental right, to wit: his First and Fourth Amendment rights.

2.  No amount of process could justify the infringement of these rights.

3.  There is a causal connection between these deprivations and the
    violation.

4.  The acts could be said to amount to false arrest and malicious
    prosecution or capricious prosecutions.  See, <u>Strength v. Hubert</u>, 854
    F. 2d 421, n. 4 (11th Cir. 1988) citing <u>Wolf v. Colorado</u>, 338 U.S. 25
    (1949)

## D. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

1.  The Officers' conduct amounted to a Constitutional violation in that it
    violated his 1st, 4th, 5th and 14th Amendment rights.

2.  Plaintiff's rights were clearly established at the time of the violation.

## STANDARD TO BE APPLIED

When deciding whether to grant summary judgment, the analysis must begin with a description of the facts in the light most favorable to the plaintiff. See Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Court must resolve all issues of material fact in favor of the plaintiff. See, e.g., Sheth v. Webster, 145 F.3d 1231, 1236 (11th Cir.1998).   Where the issue of qualified immunity exists and is part of the determination, the legal question is whether the defendants are entitled to qualified immunity under that version of the facts. Thornton v. City of Macon, 132 F.3d 1395, 1397 (11th Cir.1998).  In the instant case, qualified immunity is not appropriate and summary judgment must be granted to Plaintiff.

## STATEMENT OF FACTS

The undisputed facts of the case show that Plaintiff was shopping in the Home Depot in this Circuit.  (Complaint ¶ 1-3 and Answer,¶ 1 ) Plaintiff was at the customer service station resolving a purchase matter.  While there, Defendants became aware of Plaintiff after one of Plaintiff's workers activated one of the theft detection devices at the store and was found to have an empty merchandise package.  During the ensuing investigation, Plaintiff showed officers that the item was in fact on the shelf. (Ings p. 34, lines 15 – 36, line 24) (Neal p. 15 line 4-11; p.

22, Lines 15- p. 23, line 2).  Despite having located the item, the officers continued contact with Plaintiff. (Id. and Ings, Plaintiff's Ex. 3)  They attempted to hector him on opening the packaging, but the package was not opened as the item could just be slid into the package. (See, Ings, Plaintiff Ex. 3- police report) (Neal, p. 23, lines 3-17).   Plaintiff became indignant at the asserting that he had done anything wrong, denied that any criminal wrongdoing took pace, refused to be searched and firmly protested his innocence of any criminal wrongdoing.  (Complaint ¶ 7, admitted in Answer -Doc 9 ¶ 7)  Plaintiff ultimately stated,  "I didn't steal shit from this store" and thereafter, "I want to speak to a damn manager".  (Ings p. 26, lines 19-21).  Both officers cited him for violation of Dekalb ordinance §16-58. (Ings p. 32, line 10-17) (Hamer p. 60, lines 10-20) (Neal p. 18, line 4-15).   He was then taken outside by police, placed against a wall, and searched. (Hamer p. 62 line 17 – p. 63 line 12) (Neal p. 18, line 19 – p. 19, line 3)  The officers initially were going to take Plaintiff to jail, but instead opted to simply cite him for disorderly conduct. (Ings p. 41, line 3; p. 45, line 23-25)

The case against Plaintiff was ultimately dismissed.  (Complaint ¶12, admitted in Answer-Doc 9 ¶12)

## ARGUMENT AND CITATION OF AUTHORITY

## I.      PLAINTIFF DID NOT VIOLATE ANY LAW NOR WAS THERE ARGUABLE PROBABLE CAUSE TO BELIEVE THAT HE DID.

The Statements attributed to the Defendant do not constitute a crime under Georgia law nor under the ordinance under which Plaintiff was cited.  Plaintiff was cited for violating Dekalb Ordinance 16-58 (Exhibit __, certified copy of ordinance).  Dekalb County Ordinance 216-58 states, "*It shall be unlawful for any person to act in a loud and boisterous, reckless, unruly or violent manner or the purpose of insulting, degrading, or inciting another or a group of individuals in a public place.*"

The Statements that have been attributed to him are recorded in the citation and the police report.  He is recorded as stating, "I did not steal shit from this store" (Ings depo. P. 26; Ings depo. Exhibit 1) and "I want to speak to a damn manager" (Ings Depo. P. 26; Ings Depo. Exhibit 3- police report).  After making that demand, he was physically taken outside, hand his hands placed against the wall, searched, and cited for disorderly conduct.

### A.  Plaintiff did not insult, demean, threaten or incite anyone as required by the ordinance.

The citation makes it clear that Defendant was accused of saying, "I did not steal shit from this store". (Ings Depo Exhibit 1) The Defendants stated in their depositions that Plaintiff said other things that are not recorded in the police report or citation.   Their deposition testimony makes it clear that the undocumented portions did not violate the ordinance.   Officer Ings testified that he did not feel disrespected because of Plaintiff's statements. (Ings p. 47, lines 8-10).   He testified that Plaintiff did not insult anyone, threaten violence, demean anyone, or incite anyone to take action against the officers or Home Depot (Ings p. 24, line 13 - p. 25, line 16).   Defendant Hamer affirmed that Plaintiff did not insult anyone. (Hamer p. 75, line 6-10) He did not demean anyone nor incite anyone to take any action. (Hamer p. 45 line 6 – p. 46, line 10). From the testimony of the arresting officers, both the documented and undocumented statements attributed to Plaintiff did not violate the ordinance as it requires the statements to be made for the purpose of insulting, demeaning or inciting others.   In short, the ordinance can only be applied to fighting words. Loudly and angrily protesting one's innocence against the insinuation of wrongdoing, expressing indignation, or demanding to speak with a manager are not fighting words.   See e.g. Wilkerson v. Seymour, 736 F.3d 974, 978-79 (11th Cir. 2013) (Plaintiff's profanities were not insulting or degrading)

Most significantly, the trial judge granted Plaintiff's General Demurrer. (See, Order Granting General Demurrer).  Under Georgia Law, a general demurrer challenges the sufficiency of the substance of an [accusation].  Bramblett v. State, 239 Ga. 336, 337 (1) (1977).  The true test is "[c]an the defendant admit the charge as made and still be innocent?  If he can, the [accusation] is fatally defective." Dennard v. State, 243 Ga. App. 868 (2000) quoting Jenkins v. State, 121 Ga. App. 103, 104 (1) (1970).  Accordingly, it has been judicially determined that Plaintiff could admit to the facts as charged and not be guilty of violating the ordinance.

**B. There was no arguable probable cause to support Plaintiff arrest for violating the ordinance or State Law Disorderly Conduct Statute.**

Under the arguable probable cause standard, Defendants do not have a basis for asserting such a claim under State law or under the ordinance.  In evaluating whether arguable probable cause existed, the Court should look to the elements of the crime charged and the operative fact pattern. Skop v City of Atlanta, 485 F.3d 1263, 1266 (11th Cir. 2010).  From the fact pattern and clear testimony of the officers at their deposition, the elements of the ordinance were not satisfied.

Indeed, there was an utter lack of probable cause or arguable probable to believe that Plaintiff had violated any law.   The State Disorderly Conduct statute

is codified in O.C.G.A. § 16-11-39.  That statute has two sections, one is implicated if one acts in a violent or tumultuous manner thereby placing people in reasonable fear of safety of life, limb or health.  O.C.G.A. § 16-11-39 (a)(1).  The other is implicated if once acts in a violent or tumultuous manner whereby property was in danger of being damaged or destroyed.  O.C.G.A. § 16-11-39 (a) (2).  Neither was arguably violated.

Officer Hamer testified that prior to issuing the citation, Plaintiff was not violent. (Hamer p. 71, lines 14-20).  Plaintiff did not take a swing at anyone nor did he threated to do so.  (Hamer p. 72, lines 17-24)   He did not move towards any person in the store in an angry manner like he was going to attack.  (Hamer p. 74, lines 10-14)   Plaintiff did not act in any way that suggested that the police were going to have to subdue him. (Hamer p. 74, lines 19-21) He did not use language to them that could commonly be called fighting words. 16-11-39 (a) (3).  See, § I ¶A, supra. Lastly, no obscene or vulgar language was used in the presence of a person under the age of 14 threatening an immediate breach of the peace.

Considering the clear testimony of the Defendants, it is evident that Plaintiff was not a threat, was not threatening, was not out of control and was not acting unlawfully under the ordinance or State law.

**C. There was no arguable probable cause to arrest Plaintiff for theft.**

To the extent that Defendants might argue that they had arguable probable cause to arrest for shoplifting, the Defendants were clear that there was absolutely no belief, no suspicion, or issue that Plaintiff had stolen anything.  (Hamer, p. 49, lines 12-16; p. 50, lines 5-8).  (Ings p. 38, lines 25 – p. 39, line 5; p. 44, lines 13-16).

**D.  There was no probable cause to arrest Plaintiff for Obstruction.**

Plaintiff's verbal protests and use of profanity did not amount to a violation of any other crime against the police.  It is not obstruction. Under Georgia law, for speech to rise to the level of obstruction, it must be reasonably interpreted to be a threat of violence to the officer, which would amount to obstruction or hindrance. Dumas v. State, 159 Ga. App. 517, 518-519 (1981); Evans v. State, 154 Ga. App. 381(1980).   See also, Ballew v. State, 245 Ga. App. 842 (2000) (It is not obstruction to argue with, curse loudly at, or to verbally interrupt a police officer who is making an arrest).  There was no probable cause to arrest for this offense or arguable probable cause to arrest for this offense.  The officers also testified that the Plaintiff was not attempting to incite anyone to any action.

Plaintiff did not violate the ordinance or any State law.  His arrest was therefore without probable cause of arguable probable cause.

## II.    DEFENDANTS' ACTIONS VIOLATED PLAINTIFF'S 4TH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION.

### A.  An arrest unsupported by probable cause violates the 4th Amendment.

As this Court noted in the Order on Defendants' motion to dismiss (Doc 6.) an arrest unsupported by probable cause violates the Fourth Amendment. Wilkerson v. Seymour, 736 F.3d 974, 977-78 (11th Cir. 2013) (quoting Redd v. City of Enterprise, 140 F.3d 1378, 1382 (11th Cir. 1998).  Here, it is clear that Plaintiff's conduct did not violate the ordinance and thus was without probable cause.  Accordingly, a violation of the 4th Amendment has been established. See e.g., Uboh v. Reno, 141 R.3d 1000, 1002-04 (11th Cir. 1998); See also, Wood v. Hessler, 323 F.3d 872, 881-881 (11th Cir. 2003) (Plaintiff must establish a violation of 4th Amendment freedom from unreasonable search and seizures in addition to the elements of the common law tort of malicious prosecution).  [1]

---

[1] Plaintiff acknowledges that the Court has dismissed his State law Malicious Prosecution claim.

**B.  The subsequent search was in violation of the 4th Amendment.**

Plaintiff has alleged that his subsequent search was also a violation of his 4th Amendment rights.  (Complaint ¶¶ 32, 49, 50).  In addition to the fact that his arrest was without probable cause, his subsequent search was also unlawful, both because of the unlawful arrest but also because he was issued a citation.)

Plaintiff was searched incident to the issuance of a citation. First, while the officer continually switched between the words search and pat down, it was clear that this was a search.  Officer Hamer testified that that they initially did not pat him down for their safety inside of Home Depot. (Hamer p 64, lines 11 – 13) He further testified that there was nothing that Plaintiff did inside of the store that made the officer feel that his safety was in any way at issue.  (Hamer p. 65, lines 13-16).  Officer Hamer testified that Plaintiff was searched incident to the issuance of a citation. (Hamer p. 66, line 24- p. 25, line 2).

There was no lawful reason to search Plaintiff.  See, U.S. v. Robinson, 414 U.S. 218 (1973) Officers issuing citations do not face the same danger and consequently do not have the same authority to search.  Knowles v. Iowa, 525 U.S. 113 (1998) Where an officer issues a citation, no search incident to arrest is authorized.  Id. at 116-117.  Likewise, in Georgia, an officer issuing a uniform

traffic citation is not authorized to search incident to arrest.  See, Eaton v. State, 294 Ga. App. 124 (2008).  Officers Hamer and Ings were on notice of this and their answers to the contrary show a startling disregard for established law.

Plaintiff has alleged that this search was pretextual and done because he refused to consent to being searched.  There is no genuine issue of fact that his arrest was without probable cause or arguable probable cause.  Moreover, even under the version given by the officers, there was no lawful reason to search him. Summary judgment is proper on this count.

## III.   DEFENDANTS VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHTS.

The Speech Clause of the First Amendment states, "Congress shall make no law ... abridging the freedom of speech...." U.S. Const. amend. I. The First Amendment, as incorporated through the Due Process Clause of the Fourteenth Amendment, applies to state and municipal governments, state-created entities, and state and municipal employees. See, Near v. Minnesota, 283 U.S. 697, 707 (11931); See also, West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 637 (1943).  The Speech Clause of the First Amendment protects at least two rights: (1) the right to freedom of expression, and (2) the right to be free from compelled

expression. <u>United States v. United Foods, Inc</u>., 533 U.S. 405, 410 (2001).  As this Circuit has held, "the protections of the First Amendment do not extend solely to speech which is well-mannered and attentive to the preferences of others." <u>Sabel v. Stynchcombe</u>, 746 F.2d 728, 731 (11th Cir.1984).

Insofar as Plaintiff's First Amendment claim, the evidence is not in dispute and Defendants cannot justify their actions.  As the court's order on the motion to dismiss noted, Plaintiff's speech did not amount to fighting words, so his speech was protected.  See, <u>Merenda v. Tabor,</u> 506 F. App'x 862, 868 (11th Cir. 2013) (Doc 6 p. 14) Plaintiff was angry and protesting how the police were talking to him.  He was entitled to voice his displeasure.  <u>Skop v. city of Atlanta</u>.  He was arrested for the content off his speech, for criticizing the officers, and for daring to look an officer in the eye after being told not to do so.

Defendants, in their deposition testimony conceded that Plaintiff did not insult, demean, incited, or otherwise satisfy the requirements for fighting words or a violation of the ordinance.  (Ings, p. 24, line 13 – p.. 25, line 16) (Hamer p. 45, line 6 – p. 46, line 10; p. 75, lines 6-10) Plaintiff testified in his deposition that during the encounter and his remonstrance, Defendant Hamer told him to stop talking and went so far as to tell him not to look him in the eye. (Neal p. 17, lines

11-20) Plaintiff informed the officer that he could talk. (Id. line 18) He was thereafter forcibly removed from the store, placed against a wall in the front of the store, threatened with custodial arrest, searched, and then cited for disorderly conduct.  (Neal p. 18, line 18 – p. 19, line 15).  Clearly, the conduct of the officer was retaliatory and designed to not just deter but to punish Plaintiff for exercising his First Amendment rights.

Plaintiff broke no law; thus, the police were not justified in forcibly taking him outside and ultimately citing him.  That was a violation of his 4th amendment rights.  The subsequent search was not incident to lawful arrest.  Plaintiff was not lawfully arrested.  Additionally, even if he had been properly arrested, the search was unlawful as Plaintiff was merely cited and not custodially arrest.  The search was done to overcome Plaintiff's refusal to consent to be searched. (Neal p. 15, line 4-8)

Defendant's took the action of citing Plaintiff and then publicly humiliating him by searching him in the very front of the store.   (See, Hamer p. 63 lines 3-12) There were back rooms or less conspicuous places to search him (assuming the search was legally permissible and in this case it was not).  (Hamer p. 69 lines 3 – p. 70 line 2) This was purely police business, according to Defendant Hamer.

This public arrest and search against the wall in front of the store was retaliatory and would deter a person of ordinary firmness from the exercise of First Amendment rights.  (See, <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250 (11th Cir. 2005).  Indeed, this public humiliation sent a message to all who observed this encounter.  Clearly, Plaintiff's protected speech was the motivating factor behind these actions.  It was only his speech that resulted in his arrest.  There was absolutely nothing else.  Prior to his arrest/citation, no one from Home Depot asked that Plaintiff leave on account of his words or conduct.  (Ings p. 49 line 25 – p. 50 line 8) Indeed, defendant had not even been asked to leave the store until well after the encounter when he was attempting to secure witnesses for his defense. (Ings p. 50, lines 9-13).

## IV.    DEFENDANTS ACTS VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS

Plaintiff has a cognizable violation of his Due Process rights.  Summary Judgment is appropriate on these claims as well.

The 11th Circuit has noted that the 4th Amendment requirement of probable cause has been incorporated in the due process clause of the 14th Amendment making it applicable to the States.  <u>Strength v. Hubert,</u> 854 F. 2d 421 n. 4 (11th Cir.

1988) Citing <u>Wolf v. Colorado</u>, 338 U.S. 25 (1949).  The Strength court found that the fundamental right of criminal due process, to be free from capricious prosecutions, is incorporated by the 14th Amendment and can form the basis of a § 1983 action.  (<u>Id</u>. at 426).  Where Plaintiff has made out the claims of False Arrest or False Imprisonment predicated upon the fact that his arrest and continued "detention" were without probable cause then that claim is found in the 14th Amendment's protection against deprivation of liberty without due process of law. The Complaint does just that.  See, <u>Ortega v. Christian</u> 85 F.3d 1521, 1526 (11th Cir. 1996), citing <u>Baker v. McCollan </u>443 U.S. 137, 142 (1979).  Plaintiff testified that when he was talking to officer Hamer, that Hamer told him not to make eye contact or he would arrest him.  Plaintiff indicated that he was sufficiently concerned about that, so he avoided eye contact and simply focused on speaking. In fact, he even invoked his first amendment rights and said, "I can talk".

The substantive component of the Due Process Clause protects those rights that are `fundamental,' that is, rights that are `implicit in the concept of ordered liberty.'" <u>McKinney v. Pate</u>, 20 F.3d 1550, 1556 (11th Cir.1994) (en banc) (quoting <u>Palko v. Connecticut</u>, 302 U.S. 319, 325 (1937)). Substantive due process rights are created by the Constitution, and "no amount of process can justify [their] infringement." <u>McKinney</u>, 20 F.3d at 1557.  To have a substantive due process

claim, Plaintiff must have a substantive right created by the Constitution. In the instant case, he has the First Amendment right to free speech.

Insofar as the First Amendment is concerned, Defendants' actions clearly violated Plaintiff's due process rights under the 5th and the 14th amendments.  Plaintiff enjoyed the protections of the First Amendment.  When he protested his innocence of any crime, the officers retaliated by arresting him and citing him for violating the disorderly conduct statute.  (Complaint ¶ 7-9).  Such an act is a violation of Plaintiff's First Amendment.  See, Wood v. Kessler, 323 F.3d 872, 883 (11th Cir. 2003)

As the facts adduced have shown, the officers determined that his speech was inappropriate in light of the audience that was present or could have been present.  Specifically, women, wives, mothers, grandmothers, and potentially children.  Plaintiff, when told to be silent, specifically stated to the officers, "I can talk".  Regrettably, the officers did not see it that way and took him outside, placed his hands up against a wall in a public display of force and humiliation, searched him, toyed with the idea of physically taking him to jail, and ultimately releasing him with a citation.

## V.  DEFENDANTS ARE NOT ENTITLED TO QUALFIED IMMUNITY

Government officials are immune from suit if performing discretionary functions, unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A right is "clearly established" if previous case law has developed it in a concrete factual context to make it obvious to a reasonable government actor that his actions violate federal law.  See, Anderson v. Creighton, 483 U.S. 635, 640 (1987); See also, GJR  Investments, Inc, v. County of Escambia, Florida, 132 F.3d 1359 (1998).  Qualified immunity protects all but the plainly incompetent or one who is knowingly violating the federal law.  Lee v. Ferro, 284 F. 3d 1188, 1194 (11th Cir.  2002) *citing* Willingham v. Loughnan, 261 F3d 1178, 1187 (11th Cir. 2001).

Plaintiff has shown that he had clearly established rights that were violated. First, his First Amendment right was clearly established.  In that same vein, that one cannot be arrested for cursing where the words did not amount  to fighting words was also well established.  See, Gooding v. Wilson, supra. Dumas v. State, supra; Evans v. State, supra.; Ballew v. State, supra; Crolley v. State, supra; Lundgren v. State.  Plaintiff committed no crime whatsoever.  Oddly, his crime was to deny committing a crime.

As discussed previously, the officers were each enforcing their own misguided and plainly unconstitutional standards of law. Each officer admitted to having a view of what constituted disorderly conduct that was in conflict with well-established law.

Officer Ings denied knowing exactly what the disorderly conduct statute said. (Ings P. 17, line 24 – p. 18, line 10).  While it is understandable that he did not know the ordinance verbatim, his enforcement of the ordinance was based on his belief that the ordinance was violated when someone was being disruptive, boisterous, loud, cursing causing a scene or drawing the attention of others in a manner that "could be" intimidating to others. (Ings p. 18, line 19 – p. 19) This understanding does not even approximate what the law says and is in fact a content based approach.

When asked about the First Amendment and its interplay with the ordinance, Officer Ings was even more clueless.  He felt that if women, children, grandmothers, or religious people could be offended or intimidated by the words, then the speech was offensive and violated the ordinance.  (Ings p. 20).  He also felt that if people looked at the speaker because he was causing a scene that elevated the speech to disorderly conduct. (Ings p. 23)

Officer Hamer claimed that he has been enforcing the ordinance for 23 years. (Hamer p. 34, line 18 – 20).  His enforcement standard was that if one's behavior was causing a disturbance it violated the ordinance.  (Hamer p. 34, line 21 – p. 35, line 2).  Cursing loud was disorderly conduct.  (Hamer p. 35, line 20 – p. 36 , line 1).  He also had a standard that speech became criminal based upon the audience.  If women, wives, children and the elderly were present, then the speech violates the ordinance.  (Hamer p. 36 – p. 37 line 5).

They were "plainly incompetent" or "knowingly violating established Federal law and not entitled to qualified immunity.  See, <u>Lee v. Ferro,</u> supra.

## CONCLUSION

Plaintiff was arrested, searched, and prosecuted without probable cause or arguable probable cause.  His rights were clearly established at the time of the violations of the Defendants.  Defendants are not entitled to qualified immunity on his claims.  The acts of Defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights under the Constitution.

Wherefore Plaintiff prays that the Court grant his motion for Summary

Judgment in his favor.

<div style="text-align: right">

s/Kirby Clements, Jr.
Kirby Clements, Jr.
GA Bar 130026
Attorney for Plaintiff

</div>

The Clements Law Group, LLC
3564 Wesley Chapel Rd
#229
Decatur, GA 30034
404-212-1928 (office)
404-212-1948 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I served the attorney's listed below, a copy of the foregoing by depositing the same via the United States Mail with adequate postage thereon to the Counsels office located at the address listed below and addressed as follows and via email and by filing the same with CMF/ECF system with notice provided to counsel:

Kendric E. Smith     kesmith@dekalbcountyga.gov

William K. Scott     wkscott@dekalbcountyga.gov

This 12th Day of June, 2017

<div style="text-align:right">

S/Kirby Clements, Jr.
Kirby Clements, Jr.
GA Bar 130026
Attorney for Plaintiff

</div>

The Clements Law Group, LLC
3564 Wesley Chapel Rd.
#229
Decatur, GA 30034
404-212-1928 (office)
404-212-1948 (fax)
Kirby@ClementsLawGroup.com

CERTIFICATION

I hereby certify, pursuant to LR 7.1 D, that the forgoing was prepared in Times

New Roman, 14 point Font.

This 12th Day of June, 2017

<div style="margin-left:40%">

S/Kirby Clements, Jr.
Kirby Clements, Jr.
GA Bar 130026
Attorney for Plaintiff

</div>

The Clements Law Group, LLC
3564 Wesley Chapel Rd.
#229
Decatur, GA 30034
404-212-1928 (office)
404-212-1948 (fax)
Kirby@ClementsLawGroup.com